UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TERENCE C. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ATOMICS, ET AL.,<br><br>Defendants. | Case No. 2:25-cv-09430-WLH-JDE<br><br>**ORDER TO SHOW CAUSE** |

The Court, on its own motion, hereby **ORDERS** Plaintiff Terence D. Davis ("Plaintiff"), to show cause in writing no later than December 5, 2025, why this action should not be dismissed with prejudice as barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion).

On October 1, 2025, Plaintiff, a California resident proceeding *pro se*, filed the Complaint in this matter against General Atomics, General Atomics Aeronautical Systems, Inc., Rosenberg Sphall and Zeigen, Onslow Bay Financial LLC, Mr. Cooper/Nationstart, and DOES 1 – 50, inclusive (collectively "Defendants") for: (1) discrimination, (2) "breach of employment contract – at-will"; unlawful termination; (3) "unequal pay / treatment"; and (4) "defamation/blacklisting and in violation of due process rights – 14th Amendment." (Dkt. No. 1). Prior to this lawsuit, however, Plaintiff brought

1 an action against General Atomics, General Atomics Aeronautical Systems,
2 Inc., Rosenberg Sphall and Zeigen, as well as numerous other defendants in
3 No. 8:23-cv-00132-WLH-JDE for employment-related violations and other
4 various claims. The Court dismissed that action in its entirety with
5 prejudice on June 20, 2025. (No. 8:23-cv-00132-WLH-JDE, Dkt. No. 352).
6 Plaintiff subsequently filed a motion to proceed *in forma pauperis* and
7 appealed the case. (No. 8:23-cv-00132-WLH-JDE, Dkt. No. 353). The Ninth
8 Circuit denied the motion to proceed *in forma pauperis* and dismissed the
9 appeal as frivolous. (No. 8:23-cv-00132-WLH-JDE, Dkt. No. 361). Now,
10 Plaintiff attempts to file another suit in this federal court seeking to
11 relitigate the termination of his employment, among other things.

12 Plaintiff's claims against Defendants General Atomics, General
13 Atomics Aeronautical Systems, Inc., and Rosenberg Sphall and Zeigen
14 appear to be barred by the doctrine of res judicata because they were
15 previously adjudicated on the merits in the prior litigation in No. 23-cv-
16 00132-WLH-JDE. "Res judicata, or claim preclusion, prohibits lawsuits on
17 any claims that were raised or could have been raised in a prior action."
18 *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal
19 quotation marks and citations omitted; emphasis in original). In addition,
20 the doctrine of res judicata precludes not only claims that were actually
21 brought, but also "all claims that 'could have been asserted' in the prior
22 action," i.e., claims which arise "out of the same transactional nucleus of
23 facts." *Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension, etc. v.*
24 *Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993). Res judicata applies when there
25 is "(1) an identity of claims, (2) a final judgment on the merits, and (3)
26 identity or privity between the parties." *Owens v. Kaiser Found. Health*
27 *Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Plaintiff's response to this
28 show cause order must therefore explain why this case should not be

1  dismissed based on the doctrine of res judicata as to Defendants General
2  Atomics, General Atomics Aeronautical Systems, Inc., and Rosenberg Sphall
3  and Zeigen.
4     The employment-related and defamation issues in this case have also
5  been litigated in this Court previously.  "Collateral estoppel bars relitigation
6  of issues actually litigated in a prior lawsuit." *Santos v. Todd Pac.*
7  *Shipyards Corp.*, 585 F. Supp. 482, 486 (C.D. Cal. 1984); *see also Int'l Union*,
8  994 F.2d at 1429 ("The dismissal of the action with prejudice constitutes a
9  final judgment on the merits."); *Headwaters Inc. v. U.S. Forest Serv.*, 399
10 F.3d 1047, 1052 (9th Cir. 2005) (holding that a stipulated dismissal of an
11 action with prejudice constitutes a final judgement on the merits).  Collateral
12 estoppel "bars relitigation of issues adjudicated in an earlier proceeding if
13 three requirements are met: (1) the issue necessarily decided at the previous
14 proceeding is identical to the one which is sought to be relitigated; (2) the
15 first proceeding ended with a final judgment on the merits; and (3) the party
16 against whom collateral estoppel is asserted was a party or in privity with a
17 party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442
18 F.3d 741, 746 (9th Cir. 2006).  Plaintiff's attempt to relitigate his
19 employment related and defamation issues in a separate case appears to be
20 barred by the doctrine of collateral estoppel.  Because Plaintiff's Complaint
21 seeks to relitigate a decision from a previous federal case, No. 23-cv-00132-
22 WLH-JDE, the Court **ORDERS** Plaintiff to show cause why this case should
23 not be dismissed as barred by collateral estoppel.
24     Within 21 days of the entry of this order, i.e., December 5, 2025,
25 Plaintiff is **ORDERED** to show cause in writing why this suit is not barred
26 ///
27 ///
28

as res judicata and collateral estoppel by the prior litigation in No. 23-cv-00132-WLH-JDE.

**IT IS SO ORDERED.**

Dated: 11/14/2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE